```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                          SOUTHERN DIVISION

   UNITED STATES OF AMERICA,

                    Plaintiff,         Case No. 22-30053
      -v-

   WAHID MOHAMED MAKKI,

                    Defendant.
   _____/

                         INITIAL APPEARANCE

              BEFORE THE HONORABLE ANTHONY P. PATTI
                   United States Magistrate Judge
              Theodore Levin United States Courthouse
                    231 West Lafayette Boulevard
                          Detroit, Michigan
                          March 22, 2022

   APPEARANCES:

   FOR THE PLAINTIFF:    PHILIP A. ROSS
                         U.S. Attorney's Office
                         211 W. Fort Street
                         Suite 2001
                         Detroit, MI 48226

   FOR THE DEFENDANT:    WILLIAM W. SWOR
                         645 Griswold Street
                         Suite 3060
                         Detroit, MI  48226


   TRANSCRIBED BY:
   Christin E. Russell
   FCRR, RDR, CRR, CSR-5607
   (248) 420-2720
   Proceedings Digitally Recorded.
```

TABLE OF CONTENTS

| Hearing | Page |
|---|---|
| Initial Appearance | 3 |
| CERTIFICATE OF REPORTER | 11 |

```
 1  Detroit, Michigan
 2  March 22, 2022
 3  1:28 p.m.
 4                    *    *    *
 5       THE CLERK:  The Court calls case No. 22-30053, United
 6  States of America vs. Wahid Makki.
 7       MR. ROSS:  Philip Ross appearing on behalf of the
 8  United States.  Good afternoon, your Honor.
 9       THE COURT:  Good afternoon.
10       MR. SWOR:  Good afternoon, your Honor.  William Swor
11  on behalf of Wahid Makki.
12       THE COURT:  Okay.  Mr. Swor, I haven't seen you in a
13  while.
14       MR. SWOR:  Some people think that's a good thing, your
15  Honor.
16       THE COURT:  Were you here a little bit on a surprise
17  to be here today?
18       MR. SWOR:  You're very perceptive, your Honor.
19       THE COURT:  Yes.  I just noticed there was a tie
20  shortage.
21       MR. SWOR:  Yeah.
22       THE COURT:  Normally, we do --
23       MR. SWOR:  It would have been frightening to see the
24  tie I have in my desk.
25       THE COURT:  Yeah.  All right.  Well, normally we want
```

```
 1   a tie in court --
 2           MR. SWOR:  Yes.
 3           THE COURT:  -- but I suspect you are on short notice.
 4           MR. SWOR:  Yes, your Honor.
 5           MR. ROSS:  Your Honor, may I interject?
 6           THE COURT:  About the tie?
 7           MR. ROSS:  That's far beyond the scope of my
 8   responsibility, and I wouldn't --
 9           THE COURT:  The record will reflect that you are
10   wearing a tie.  Yes.
11           MR. ROSS:  Well, of course I am.
12           THE COURT:  Okay.
13           MR. ROSS:  I do want the Court to be aware that at
14   11:48 this morning, an attorney named Alexander Benson filed an
15   appearance electronically for Mr. Wahid Makki.  Mr. Benson also
16   followed that up with a phone call to me in which he indicated
17   he would be representing Mr. Wahid Makki.  Obviously, that's
18   not -- the attorney who represents the defendant is not the
19   Government's decision to make.  I just wanted the Court to be
20   aware, again, Mr. Swor has also indicated that he will be
21   representing Mr. Makki, so.
22           THE COURT:  Okay.  Mr. Swor, have you filed your
23   appearance yet?
24           MR. SWOR:  According to my secretary, I have, your
25   Honor.
```

```
 1              THE COURT:  Okay.  Well, then it must be so.
 2              MR. SWOR:  I believe everything she tells me.
 3              THE COURT:  Okay.  Very good.
 4              MR. SWOR:  With good reason.
 5              And we've discussed this.  And Mr. Ross has made me
 6   aware of Mr. Benson's filing.  Mr. Makki is prepared to be
 7   examined by the Court if the Court wants to ask him questions
 8   on that issue.
 9              THE COURT:  All right.  Well, let me start because
10   this is an initial appearance.
11              MR. SWOR:  Yes.
12              THE COURT:  And I need to say a few things.
13              First of all, are you Wahid Makki?
14              THE DEFENDANT:  Yes, I am.
15              THE COURT:  Is it Makki?  Is that the best way to
16   pronounce it?
17              THE DEFENDANT:  Yes.
18              THE COURT:  Mr. Makki, I'm Judge Patti.  And this is
19   your initial appearance in federal court on a criminal
20   complaint.  You're charged with wire fraud and money
21   laundering.
22              Have you received a copy of the criminal complaint and
23   the 13-page affidavit that comes with it?
24              THE DEFENDANT:  Yes.
25              THE COURT:  You have the right to be represented in
```

1  this matter by an attorney.  And Mr. Swor is already appearing
2  on your behalf.  But I just want to make sure that you
3  understand that that's not just a luxury for today.  That's a
4  right that you have today and at all critical stages of these
5  proceedings.
6              You have the right to have an attorney with you
7  whenever you're being questioned, whenever you're in court, to
8  help you prepare for trial, and to give you advice as
9  necessary.  If there comes a time when you cannot afford an
10 attorney, you should tell the Court that and the Court will
11 appoint one for you.  Do you understand that?
12             THE DEFENDANT:  Yes.
13             THE COURT:  You also have the right to remain silent.
14 You do not have to make any statements, you do not have to
15 answer any questions, and you do not have to testify.  You can
16 refuse to do all of those things.  If you have made any
17 statements previously, you do not have to make any additional
18 statements.  And if you start to make a statement, you can stop
19 at any time.  Do you understand that?
20             THE DEFENDANT:  Yes.
21             THE COURT:  If you do make any statements or answer
22 any questions, or give any testimony, anything that you say can
23 and will be used against you in a court of law and in the
24 prosecution of this case.  Do you understand that?
25             THE DEFENDANT:  Yes.

1         THE COURT: Pursuant to Rule 5(f), the United States
2 is ordered to comply with its disclosure obligations under
3 *Brady v. Maryland* and its progeny. Failure to timely do so may
4 result in dismissal of charges, exclusion of evidence, adverse
5 jury instructions, contempt proceedings and other sanctions.
6 I'll issue a written order to that effect.
7         Now, before I talk about bond, Mr. Swor, was there
8 something else that you thought needed to be addressed?
9         MR. SWOR: If the Court wanted to do address Mr. Makki
10 about the issue of representation.
11         THE COURT: Okay.
12         MR. SWOR: I just --
13         THE COURT: All right. Mr. Makki, you understand
14 right now that Mr. Swor is representing you. Is that your --
15         THE DEFENDANT: Yes.
16         THE COURT: -- intention?
17         THE DEFENDANT: Yes.
18         THE COURT: Okay. You may have other counsel as well?
19         THE DEFENDANT: Yes.
20         THE COURT: All right. You understand that another
21 attorney has also filed an appearance on your behalf?
22         THE DEFENDANT: Yes.
23         THE COURT: Okay. So as far as the Court is
24 concerned, you have co-counsel.
25         If one of you is going to drop out of the picture,

```
 1   you'll figure that out, right?
 2           MR. SWOR:  Thank you, your Honor.
 3           THE COURT:  All right.
 4           MR. ROSS:  Judge, if I may?
 5           THE COURT:  Yes.
 6           MR. ROSS:  Mr. Swor has also indicated to me that for
 7   the purposes of today and perhaps subsequent detention
 8   hearings, that he would be representing Mr. Makki's wife,
 9   Zeinab Makki, who is also in court today to make her initial
10   appearance on a criminal complaint.
11           THE COURT:  All right.  We'll be hearing from her
12   shortly, I guess.
13           Okay.  What's the Government's position on bond?
14           MR. ROSS:  The Government views Wahid Makki as a risk
15   of flight.  We are seeking detention.  We would ask the Court
16   to set the matter for a detention hearing.
17           THE COURT:  A risk of flight or a serious risk of
18   flight?
19           MR. ROSS:  A serious risk of flight based upon the
20   fact that he wired 1 million dollars in fraudulently obtained
21   EIDL loans under the CARES Act, provided under the CARES Act,
22   to the Republic of Turkey.  The wire instructions include the
23   instructions that the subject funds were being wired for the
24   purposes of buying a "sea view condo" in Beirut, Lebanon.
25   Therefore, we believe him to be a serious risk of flight.
```

```
 1              THE COURT:  Have his -- well, first of all, do you
 2   know how many passports he holds, if any?
 3              MR. ROSS:  I am not aware of that.  I have not
 4   received a written report form Pretrial Services with respect
 5   to Wahid Makki.
 6              THE COURT:  Were any passports seized at the time of
 7   his arrest?
 8              MR. ROSS:  The agents are currently in the process of
 9   executing six separate search warrants.  I have not had an
10   extensive time to discuss this matter with the agents.
11              THE COURT:  Okay.  And other than seeking to obtain
12   property in Lebanon, does he have other connections to Lebanon?
13              MR. ROSS:  The travel records indicate that he travels
14   there frequently.  And the bank records that we've obtained
15   thus far indicates that in the past three years, in addition to
16   the $1.1 million that he wired to Lebanon, that he and/or his
17   wife wired approximately $623,000 to Lebanon.  So we're talking
18   about a substantial sum of money that they placed overseas that
19   the Government has no instrument at this point to repatriate to
20   the United States.
21              THE COURT:  When will you be ready to proceed with a
22   detention hearing?
23              MR. ROSS:  I would like to talk to the agents about
24   the six separate search warrants.  I can go tomorrow.  Mr. Swor
25   indicated to me he may want more time than that, however.
```

1       THE COURT: Okay. Mr. Swor, do you know how much time
2  you're going to need to prepare for the detention hearing?
3       MR. SWOR: Your Honor, I think we can be prepared for
4  tomorrow.
5       THE COURT: Okay. All right. Mr. Makki, the
6  Government is asking that you not be released on bond; that you
7  be detained and kept in custody, and because of that, you have
8  the right to have a detention hearing before the Court.
9       Both parties sound like they need time to gather some
10 information for that to be a complete presentation so that I
11 can have everything in front of me that I need to make my
12 decision.  And so I'm ordering that you be detained until
13 tomorrow when you will be returned by the Marshals for your
14 detention hearing and will, at that time, I'll listen to
15 evidence and arguments from both sides and make the
16 determination.
17      Anything further at this time on this matter?
18      MR. ROSS: Not from the Government. Thank you, your
19 Honor.
20      THE COURT: Mr. Swor?
21      MR. SWOR: No, your Honor. Thank you.
22      THE COURT: All right. Thank you.
23   (Proceedings concluded, 1:36 p.m.)
24
25                              *     *     *

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from audio recorded proceedings in the above-entitled cause on the date hereinbefore set forth.

   s/ Christin E. Russell

CHRISTIN E. RUSSELL, FCRR, RDR, CRR, CSR-5607

Federal Official Court Reporter