# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case: 2:22-cr-20170<br>Judge: Edmunds, Nancy G.<br>MJ: Altman, Kimberly G.<br>Filed: 03-29-2022<br>INDI USA VS MAKKI (DP) |
| v. | 18 U.S.C. 1343 (Wire Fraud) |
| WAHID MAKKI | 18 U.S.C. § 1956(a)(2)(b)<br>(International Money Laundering) |
| Defendant. | |

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

1. U.S. Small Business Administration ("SBA") was a United States government agency that provided support to small businesses.

2. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.

3. One source of relief provided by the CARES Act was the expansion of the Economic Injury Disaster Loan ("EIDL") Program, which provides loan assistance (including advances of up to $10,000) for businesses with 500 or fewer employees and other eligible entities for loans up to $2 million. The EIDL Program was designed to provide economic relief to small businesses that are experiencing a temporary loss of revenue.

4. To gain access to funds through the EIDL Program, small businesses applied through the SBA via an online portal and application. The EIDL application process, which also uses outside contractors for system support, collected information concerning the business and the business owner, including information as to the gross revenues for the business prior to January 31, 2020; the cost of goods sold; and information as to any criminal history of the business owner. Applicants were required to electronically certify that the information provided was accurate and were warned that any false statement or misrepresentation to the SBA may result in sanctions, including criminal penalties.

5. EIDL funds were issued to the small business applicants directly from the United States Treasury.

6. EIDL Advance was a grant program offered together with the EIDL program. The amount of the advance issued to the small business applicant was determined by the number of employees indicated on the EIDL application, up to $10,000 ($1,000 per employee up to ten).

7. EIDL loan proceeds were permitted to be used to pay an array of working capital and normal operating expenses, such as continuation to health care benefits, rent, utilities, and fixed debt payments.

## SCHEME TO DEFRAUD

8. Beginning in or around June 2020, and continuing until in or around March 2021, in the Eastern District of Michigan and elsewhere, WAHID MAKKI knowingly devised, intended to devise, and participated in a scheme to defraud institutions participating in government relief programs, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, as further described below.

9. It was part of the scheme that WAHID MAKKI used EIDL loan proceeds he obtained for Kirtland Corp d/b/a New Milenium (sic) Drugs and Western Wayne Pharmaceuticals, in part, to purchase real

estate in Beirut, Lebanon, rather than for a use made permissible by the CARES Act.

10. It was part of the scheme that WAHID MAKKI submitted applications for EIDL seeking loans that contained false statements, misrepresentations, and omissions for the loans obtained he obtained for New Millenium (sic) Investment #1, LLC, New Millenium (sic) #4, LLC, New Millenium (sic) Investment #5, LLC, New Millenium (sic) Investment #6, LLC, New Millenium (sic) Investment #7, LLC, New Millenium (sic) Investment #10, LLC, New Millenium Investment #11, LLC, and New Millenium Investment #13, LLC.

11. In the loan applications submitted, WAHID MAKKI represented that he employed multiple employees. The Michigan Unemployment Insurance Agency (UIA) records do not reflect that these entities employed anyone. The (UIA) was unable to locate records for the following entities: New Millenium (sic) Investment #1, LLC, New Millenium (sic) #4, LLC, New Millenium (sic) Investment #5, LLC, New Millenium (sic) Investment #6, LLC, New Millenium (sic) Investment #7, LLC, New Millenium (sic) Investment #10, LLC, New Millenium Investment #11, LLC, and New Millenium Investment #13, LLC.

12. Records obtained from the Michigan Secretary of State reflects that New Millenium (sic) Investment #1, LLC, New Millenium (sic) #4, LLC, New Millenium (sic) Investment #5, LLC, New Millenium (sic) Investment #6, LLC, New Millenium (sic) Investment #7, LLC, New Millenium (sic) Investment #10, LLC, New Millenium Investment #11, LLC, and New Millenium Investment #13, LLC each listed a personal residence owned by WAHID MAKKI as their respective business locations.

13. A search of records held by the State of Michigan Treasury Department reflect that the following entities did not file taxes with the State of Michigan during the pertinent time period reflected in the indictment: New Millenium (sic) Investment #1, LLC, New Millenium (sic) #4, LLC, New Millenium (sic) Investment #5, LLC, New Millenium (sic) Investment #6, LLC, New Millenium (sic) Investment #7, LLC, New Millenium (sic) Investment #10, LLC, New Millenium Investment #11, LLC, and New Millenium Investment #13, LLC.

## COUNTS ONE THROUGH TEN

## (18 U.S.C. 1343 – Wire Fraud)

14. The allegations of paragraphs 1 through 13 are included herein.

15. It was also part of the scheme that, in June 2020 in the Eastern District of Michigan, Makki did knowingly execute and/or attempt to execute a scheme to defraud, and in support of that scheme knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds, namely that he submitted via the Internet ten false EIDL loan applications received by the SBA and processed through servers located outside the state of Michigan.

16. In or about June of 2020, Makki received approximately $1,082,300 based upon ten fraudulent EIDL loan applications he submitted to the SBA.

17. The loans were applied for by entering a total Gross Revenues and total Cost of Goods Sold into the loan application portal. The SBA determines how much EIDL loans should be funded for based off reported Gross Revenue and Cost of Goods Sold.

18. In support of these applications, MAKKI submitted fraudulent revenue and operating expenses for New Millenium (sic) Investment #1, LLC, New Millenium (sic) #4, LLC, New Millenium (sic) Investment #5, LLC, New Millenium (sic) Investment #6, LLC, New Millenium (sic) Investment #7, LLC, New Millenium (sic) Investment #10, LLC, New Millenium Investment #11, LLC, and New Millenium Investment #13, LLC as illustrated below:

| Client Name | 2019 Gross Revenue, acc. To EIDL Application | 2019 Cost of Goods Sold, acc. To EIDL Application | 2019 Total Deposits into Bank Accounts | 2019 Total Debits from Bank Accounts | Actual # of Employees, acc. To UIA | Tax Return Information from State of MI |
|---|---|---|---|---|---|---|
| New Millenium (sic) Investment #1, LLC | $378,542 | $123,658 | $6,500 | $11,119 | no records found for this business or its EIN | no tax returns found for this business or its EIN |
| New Millenium (sic) Investment #4, LLC | $165,214 | $65,238 | $13,475 | $13,476 | no records found for this business or its EIN | no tax returns found for this business or its EIN |
| New Millenium (sic) Investment #5, LLC | $215,487 | 78965 | 0 | 0 | no records found for this business or its EIN | no tax returns found for this business or its EIN |
| New Millenium (sic) Investment #6, LLC | $196,542 | $62,148 | $0 | $0 | no records found for this business or its EIN | no tax returns found for this business or its EIN |

| Client Name | 2019 Gross Revenue, acc. To EIDL Application | 2019 Cost of Goods Sold, acc. To EIDL Application | 2019 Total Deposits into Bank Accounts | 2019 Total Debits from Bank Accounts | Actual # of Employees, Based On UIA | Tax Return Information from State of MI |
|---|---|---|---|---|---|---|
| New Millenium (sic) Investment #7, LLC | $485,235 | $165,782 | $6,500 | $6,500 | no records found for this business or its EIN | no tax returns found for this business or its EIN |
| New Millenium (sic) Investment #10, LLC | $245,876 | $91,547 | $0 | $0 | no records found for this business or its EIN | no tax returns found for this business or its EIN |
| New Millenium (sic) Investment #11, LLC | $687,532 | $298,663 | $4,553.80 | $4,550 | no records found for this business or its EIN | no tax returns found for this business or its EIN |
| New Millenium (sic) Investment #13, LLC | $458,214 | $175,690 | $150,421.05 | $150,326.44 | no records found for this business or its EIN | no tax returns found for this business or its EIN |

19. Each application constitutes a separate count of the indictment:

| Count | Application Number | Application Date | Individual | Business Name | Amount Obtained |
|---|---|---|---|---|---|
| 1 | 3305789710 | 6/22/2020 | Wahid Makki | Kirtland Corp d/b/a New Milenium (sic) | $150,000 |

| Count | Application Number | Application Date | Individual | Business Name | Amount Obtained |
|---|---|---|---|---|---|
| 2 | 3305792259 | 6/22/2020 | Wahid Makki | Western Wayne Pharmacy, LLP | $132,100 |
| 3 | 3307709652 | 6/30/2020 | Wahid Makki | New Millenium (sic) Investment #1, LLC | $122,500 |
| 4 | 3307718087 | 6/30/2020 | Wahid Makki | New Millenium (sic) Investment #4, LLC | $46,000 |
| 5 | 330772041 | 6/30/2020 | Wahid Makki | New Millenium (sic) Investment #5, LLC | $64,300 |
| 6 | 3307722776 | 6/30/2020 | Wahid Makki | New Millenium (sic) Investment # 6, LLC | $63,200 |

| Count | Application Number | Application Date | Individual | Business Name | Amount Obtained |
|---|---|---|---|---|---|
| 7 | 3307725137 | 6/30/2020 | Wahid Makki | New Millenium (sic) Investment #7, LLC | $150,000 |
| 8 | 3307736491 | 6/30/2020 | Wahid Makki | New Millenium (sic) Investment #10, LLC | $72,000 |
| 9 | 3307741970 | 6/30/2020 | Wahid Makki | New Millenium (sic) Investment #11, LLC | $150,000 |
| 10 | 33077468812 | 6/30/2020 | Wahid Makki | New Millenium (sic) #13, LLC | $133,000 |

## COUNT 11

## (International Money Laundering (18 U.S.C. 1956 § (a)(2)(B))

20. The allegations in paragraphs 1-19 of the Indictment are hereby incorporated by reference for the purpose charging International Money Laundering in violation of Title 18, United States Code, Section 1956 (a)(2)(B).

21. At all times relevant to this Indictment, Comerica Bank was Insured by the Federal Deposit Insurance Corporation (FDIC).

22. On or about March 12, 2021, in the Eastern District of Michigan, WAHID MAKKI, did transfer and attempt to transfer approximately $955,100 in EDIL loan proceeds from a place in the United States, that is the Eastern District of Michigan, to a place outside the United States that is the Republic Of Turkey, knowing that the funds involved in the transportation represented the proceeds of some form of unlawful activity and knowing that such transportation was designed in whole or in part to conceal and disguise the nature, location, source, ownership, control of the proceeds of specified unlawful activity, to wit: wire fraud (18) U.S.C. § 1343.

In violation of Title 18, United States Code, Sections 1956(a)(2)((B)(i) and 2.

## FORFEITURE ALLEGATIONS

23. Upon conviction of the offenses set forth in Counts 1 through 11 of this Indictment, in violation of Title 18, United States Code, Section 1343, WAHID MAKKI shall forfeit to the United States of America any property which constitutes and is derived from proceeds obtained directly

11

and indirectly as a result of the offense(s), as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2641(c).

24. The Grand Jury finds that probable cause of a nexus between the conduct charged in Counts 1 through 11 of this Indictment and the following property: funds contained in a wire transfer in the amount of $955,100 that was sent from WAHID MAKKI's personal account at Comerica Bank (x5416) to a bank in Istanbul, Turkey, via Standard Chartered Limited, a financial institution operating in New York, New York; the beneficiary of the funds was identified as "Walid Demachkie." A transaction log associated with the wire indicated the purpose of the transfer was "Buying a seaview condo in ein-mericy Beirut-Lebanon."

25. Money Judgment: Upon conviction, defendant shall be ordered to pay the United States a sum of money equal to the total amount of proceeds defendant obtained as a result of such violations.

26. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been

substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p) as incorporated by Title 28, United States Code, Section 2461, to seek any other property of defendant up to the forfeitable property described above.

THIS IS A TRUE BILL

s/GRAND JURY FOREPERSON

DAWN N. ISON
United States Attorney


s/John K. Neal
Assistant United States Attorney
Chief, White Collar Crime Unit


s/Philip A. Ross
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
Philip.Ross@usdoj.gov
(313) 226-9790

Dated: March 29, 2022

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials: PAR |

**Case Title:** USA v. WAHID MAKKI

**County where offense occurred:** WAYNE

**Check One:**   ☒ Felony   ☐ Misdemeanor   ☐ Petty

____Indictment/____Information --- **no** prior complaint.
✓ Indictment/____Information --- based upon prior complaint [Case number: 22-mj-30053]
____Indictment/____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____   **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

March 29, 2022
Date

PHILIP A. ROSS
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: (313) 226-9790
Fax:    (313) 226-2621
E-Mail address: philip.ross@usdoj.gov
Attorney Bar #:

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or **(2)** the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.